1  MARTIN H. KRESSE (SB # 48132)
2  RICHARD A. CANATELLA (SB # 53264)
   Cotter & Del Carlo
3  4610 Mission Street, Suite 203
   San Francisco, CA 94112
4  415 584-5446
   415 584-5447 FAX
5
6  Attorneys for Plaintiff Richard A. Canatella

7
                   UNITED STATES DISTRICT COURT
8                  NORTHERN DISTRICT OF CALIFORNIA
                         SAN FRANCISCO DIVISION
9

10

11  RICHARD A. CANATELLA,                    No. C 00 - 1105 JSW

12          Plaintiff,                       **NOTICE OF MOTION AND MOTION FOR
       v.                                    ORDER TO SHOW CAUSE WHY
13                                           DEFENDANTS' COUNSEL SHOULD
    RONALD W. STOVITZ, Presiding Judge of the NOT BE DISQUALIFIED FOR
14  State Bar Court, San Francisco; JUDITH A. VIOLATIONS OF CRPC 3-310(C);
    EPSTEIN, Review Judge, San Francisco;    PROOF OF MAIL SERVICE**
15  MADGE S. WATAI, Review Judge, Los
    Angeles; RICHARD A. HONN, Hearing Judge, Hearing: February 20, 2004
16  Los Angeles; PATRICE E. McELROY, Hearing
    Judge, San Francisco; ALBAN I. NILES,    Time: 9:00 a.m.
17  Hearing Judge, Los Angeles; JOANN M.
    REMKE, Hearing Judge, San Francisco;     Courtroom: 2, 17th Flr
18  ROBERT M. TALCOTT, Supervising Hearing
    Judge, Los Angeles; JAMES E. HERMAN,     450 Golden Gate Avenue
19  President of the Board of Governors of the San Francisco CA 94102
    State Bar of California; MICHAEL NISPEROS,
20  JR., Chief Trial Counsel,
21
             Defendants.
22                                    /
23

24
25
26
27
28

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**

**TO THE COURT, DEFENDANTS AND YOUR ATTORNEYS:**

**PLEASE TAKE NOTICE** that in accordance with Civ. L.R. 11-4, Plaintiff moves for an order to show cause why Defendants' counsel, the Office of General Counsel of the State Bar of California ("OGC") and Remcho, Johansen & Purcell ("Remcho"), should not be disqualified from further representation of Defendants.

The motion is made on the ground that OGC and Remcho have simultaneously represented multiple defendants in this action without their informed written consent and thus violated Cal. Rule of Prof. Conduct ("CRPC") 3-310 (C), engaged in other violations of the California Rules of Professional Conduct, and acted in such a manner as to give rise to an appearance of impropriety.  Since representation of multiple clients in litigation without their informed written consent violates the Rules of Professional Conduct, Plaintiff and Defendants' counsel conferred extensively between January 11 and January 15, 2004, attempting to avoid Court intervention.  However, the parties were unable to resolve their differences on the issue, and thus the motion was filed.  **See Exhibit A to the attached declaration of Richard Canatella**.

Accordingly, this motion is based on Civil L.R. 11, this notice, the points and authorities, Request for judicial notice, the declaration of Richard A. Canatella, and matters to be presented at the hearing.

Dated: January 16, 2004                    COTTER & DEL CARLO

/S/

By: Richard A. Canatella

# TABLE OF CONTENTS

I. BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. THE PARTIES AND THE PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . 1

    B. IT APPEARS THAT DEFENDANTS' COUNSEL DID NOT INFORM AT LEAST ONE OF THEIR CLIENTS THAT HE IS A PARTY TO THIS ACTION, OR, THAT HE IS REPRESENTED BY THEM. . . . . . . . . . . . 2

    C. PLAINTIFF HAS STANDING UNDER THE *COLYER* EXCEPTION WHERE THE ETHICAL VIOLATIONS ARE MANIFEST AND GLARING, OR OPEN AND OBVIOUS, AND CONFRONT THIS COURT WITH A PLAIN DUTY TO ACT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## Cases

*Canatella v. State of California*, 304 F.3d 843 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . 2

*Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal 1999) . . . . . . . . . . . . . . . . . . . . . 4

*Decaview Distrib. Co. v. Decaview Asia Corp.*, 2000 U.S. Dist. LEXIS 16534, 2000 WL 1175583 (N.D.Cal. Aug. 14, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re Attorney Discipline System*, 19 Cal.4th 582 (1998) . . . . . . . . . . . . . . . . . . . . . . 7

*In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83 (5th Cir. 1976) . . . . . . . . . . 4

*Keller v State Bar*, 496 U.S. 1 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kerry Coal Co. v. United Mine Workers of Am.* (W.D.Pa. 1979) . . . . . . . . . . . . . . . . 5

*Koo v. Rubio's Restaurants, Inc.,* (2003) 109 Cal.App.4th 719, 725-27, 135 Cal.Rptr.2d 415 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mindscape, Inc. v. Media Depot, Inc.,* 973 F.Supp. 1130, 1133 (N.D.Cal.1997) . . . . . . 8

*Schultz v. State Bar* (1975) 15 Cal.3d 799, 802 - 803 . . . . . . . . . . . . . . . . . . . . . . . . 5

*See Florida Ins. Guar. Ass'n, Inc. v. Carey Canada,* 749 F.Supp. 255 (S.D.Fla.1990) . 8

*Younger v. Harris*, 401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**   i

*Zador Corp., N.V. v. Kwan,* 31 Cal.App.4th 1285, 1294, 37 Cal.Rptr.2d 754 (1995) . . 8

Constitutions, Statutes and Rules

Cal. Bus. & Prof. Code, § 6068(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

42 U.S.C. Sec. 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Business and Professions Code sections 6068, subdivision (d) . . . . . . . . . . . . . . . . 6

Civil L.R. 11-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Civil L.R. 7-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Civil Rights Attorney's Fees Awards Act of 1976 . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CRPC rule 6103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Title 42, sec. 1988 of the United States Code . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

Other Authorities

# I. BACKGROUND.

## A. THE PARTIES AND THE PROCEDURAL HISTORY.

Plaintiff is a California attorney and member of the State Bar of California for thirty-two (32) years, presently in good standing and licensed to practice law in California and the District of Columbia, and admitted to the bars of the Northern and Central Districts of California, the Ninth Circuit Court of Appeals, The United States Court of Military Appeals and the Supreme Court of the United States.

In June 1998, Plaintiff filed a 42 U.S.C. Sec. 1983 action against the President of the Board of Governors of the State Bar of California, President of the State Bar Association, Judges of the State Bar Court, Office of Chief Trial Counsel, and the State Bar of California, challenging the constitutionality of several bar discipline rules. The district court abstained under *Hirsh v. Justices of Supreme Court of California*, 67 F.3d 708 (9th Cir. 1995) and Plaintiff appealed. While the appeal was pending, the State Bar filed charges against Plaintiff. The parties subsequently stipulated to discipline and probation. The California Supreme Court approved the stipulation August 18, 1999, and the Ninth Circuit dismissed the appeal as moot November 17, 1999.

After conclusion of all state proceedings, Plaintiff filed a new complaint March 29, 2000, raising First and Fourteenth Amendment challenges to four California State Bar statutes and one California Rule of Professional Conduct. The district court dismissed the complaint under the *Rooker-Feldman* doctrine and on the basis of *Younger v. Harris*, 401 U.S. 37 (1971), concluding that Plaintiff lacked standing and his claims were unripe for review. In a published opinion, the Ninth Circuit reversed. The Court found that *Rooker-Feldman* and *Younger* did not apply, that Plaintiff had standing and that his constitutional challenges were ripe for review. *See Canatella v. State of California*, 304

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**      1

F.3d 843, 855 (9th Cir. 2002). (*Canatella I*).

Following remand, and after considerable wrangling back and forth, the district court allowed Plaintiff to file a Second Amended Complaint. Defendants then filed and served their motion to dismiss August 8, 2003. However, before the hearing on the motion, the district court, the Honorable Martin J. Jenkins, recused himself *sua sponte* October 8, 2003, without any statement of reasons. This matter was then assigned to this Court and set for hearing February 20, 2004. **See accompanying Canatella declaration.**

### B. IT APPEARS THAT DEFENDANTS' COUNSEL DID NOT INFORM AT LEAST ONE OF THEIR CLIENTS THAT HE IS A PARTY TO THIS ACTION, OR, THAT HE IS REPRESENTED BY THEM.

Attorney Randy E. Bendel, who had sought to intervene in this action, was being prosecuted by the State Bar for alleged violations of many of the same discipline rules challenged by Plaintiff in *Canatella I*. Bendel filed a motion seeking to intervene in this case November 23, 2002. The motion was to be heard January 14, 2003, but the Court took the matter off calendar and entered an order January 29, 2003, denying intervention on the ground that "Bendel's proposed claims are barred by *Younger* abstention." That order is pending appeal.

At a pretrial hearing September 30, 2003, Bendel informed State Bar Court Judge RICHARD A. HONN, that Bendel intended to retain Plaintiff to represent him in the discipline proceedings. Bendel suggested that since Judge Honn was a party in this case and would thus be adverse to Bendel's counsel in the State Bar discipline proceedings, Judge Honn would need to recuse himself from presiding over Bendel's trial. The reporter's transcript of that hearing in the State Bar Court records the following colloquy:

MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.     2

*Mr. Bendel:* One question. I did identify that Mr. Canatella may be assisting me on the trial of this matter. I believe that you are personally adverse to him if I'm not mistaken.

*Judge Honn:* I don't know Mr. Canatella. Are you talking about the Canatella-- the lawsuit that's been filed?

*Mr. Bendel:* The lawsuit that's been filed in which you are a defendant, Your Honor. It's pending in federal court. And you would be personally adverse to someone who would be representing me.

*Judge Honn:* Then I wouldn't recommend you hire him, if you know that there's a conflict.

*Mr. Bendel:* He's got a lot of experience in these matters, Your Honor. I don't know if you can preclude me from having counsel–

*Judge Honn:* I'm not even sure that he's named me. I think that's an older lawsuit and I, I'm not sure--do you have any information on that?

........................

*Mr. Bendel:* ... I've been in discussions with him (Canatella) to come down and try to help (defend me). I can assure you that as far as the current status of litigation in San Francisco goes, you are a personal defendant in that action....
. .............

*Judge Honn:* Well, look, this is all premature. I don't have Mr. Canatella here, wanting to be here. I don't have a motion that's recused--seeking to recuse me. That's all something that has to happen. I don't want to discuss it now as a possibility. If it happens, file it, and we'll deal with it based on the facts at that time. ***I'm guessing when I say that I don't know whether or not I'm in that case. Because what tends to happen is, it gets sent to counsel without us really getting involved. But I don't--I do recall that there is a case, a Canatella case, but I believe that it preceded my appointment. But I may be wrong on that. And, unless he's amended it to add me–***

*Mr. Bendel:* He has amended to name all the judges individually. ...

*Judge Honn:* Well, I don't even want to get--to me--I'm not interested in the substance of that case. I'm only interested in the substance of this case, and to the extent that there is a conflict, you need to raise that by motion....

**R.T. 9/30/03 at 42-45.  *See* Canatella declaration Exhibit B for full text of the excerpts.**

Based on the record in *Bendel*, it appears that Judge Honn had not been

MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.     3

informed that he was a party to this action, or, that OGC and Remcho represented him, or, that Judge Honn consented in writing to Defendants' counsels' representation of him along with the other individual Defendants in this action and the State Bar of California. *See accompanying Canatella declaration.*

### C.  PLAINTIFF HAS STANDING UNDER THE *COLYER* EXCEPTION WHERE THE ETHICAL VIOLATIONS ARE MANIFEST AND GLARING, OR OPEN AND OBVIOUS, AND CONFRONT THIS COURT WITH A PLAIN DUTY TO ACT.

It is the "general rule that courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Colyer v. Smith*, 50 F. Supp. 2d 966, 969 (C.D. Cal 1999) (*quoting In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976).  However, there is an exception to the general rule which applies in cases where the ethical violation was "'manifest and glaring' or 'open and obvious and confronted the court with a plain duty to act.'"  *Colyer*, 50 F. Supp. 2d at 969 (citing *Yarn Processing*, 530 F.2d at 89); *see also Decaview Distrib. Co. v. Decaview Asia Corp.*, 2000 U.S. Dist. LEXIS 16534, 2000 WL 1175583 (N.D.Cal. Aug. 14, 2000).

Here, the ethical violation is indeed "'manifest and glaring' or 'open and obvious and confront[s] the court with a plain duty to act."  *Colyer*, 50 F. Supp. 2d at 969.  Based on the record in *Bendel*, it appears that Judge Honn had not been informed of this action or consented in writing to Defendants' counsel's representation of him along with the other Defendants.  If so, this is an egregious violation of ethical rules in that representation of a party in federal civil litigation *without* client consent violates the rules of professional ethics.[1]

---

[1] See *Schultz v. State Bar* (1975) 15 Cal.3d 799, 802 - 803 (review committee found appellant filed federal complaint without express consent or authority of client); Business and Professions Code sections 6068, subdivision (d), and 6103 and former

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**     4

Although *Colyer* dealt with a non-client's standing to seek disqualification based on a conflict of interest, the Court did not say that a non-client cannot move for disqualification based on a different type of misconduct such as the one here where counsel purports to represent clients without their knowledge or consent. *See Schultz v. State Bar* (1975) 15 Cal.3d 799, 802 - 803, Cal. Bus. & Prof. Code, § 6068(d), and CRPC rule 6103. Indeed, non-clients routinely seek disqualification based on other types of rule violations. *See, e.g.,* CRPC Rule 2-100 (prohibiting ex parte communication with represented party about subject of representation) and *Koo v. Rubio's Restaurants, Inc.,* 109 Cal.App.4th 719, 725-27, 135 Cal.Rptr.2d 415 (2003).

Moreover, Plaintiff surmises that if Judge Honn is unaware that he is a named Defendant, it is likely that Defendants' counsel did not make the full disclosure, and obtain the informed *written* consent, of the other individual Defendants as required by Cal. Rules of Professional Conduct 3-310(C).

**II. ARGUMENT.**

No one disputes that there is multiple representation in this case. Pursuant to Rule 3-310(C) a member of the California State Bar is not to accept representation of more than one client in a matter in which the interests of the multiple clients even potentially conflict without their informed consent. Cal. Rule of Prof. Conduct 3-310 (C) provides that: "a member shall not, without the informed *written* consent of each client, (1) accept representation of more than one client in *a matter* in which the interests of the clients potentially conflict, or (2) accept representation of more than one client in *a matter* in which the interest of the client actually conflict" (emphasis added). Pursuant to

---

rule 7-105(1) of the Rules of Professional Conduct (presently rule 5-200(B) under new Rules of Professional Conduct that became effective May 27, 1989).

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**     5

Civ. L.R. 11-4, the California Rules of Professional Conduct apply to attorneys who appear before this Court.

Defendants' counsel contend, however, that there is no potential conflict in the admitted multiple representation. They err. Whenever a lawyer represents more than one client in the same matter there is generally at least some possibility that their interests will come into conflict, and therefore, give rise to at least a *potential* conflict. *See, e.g., Kerry Coal Co. v. United Mine Workers of Am.* (W.D.Pa. 1979) ("Nearly every case, criminal or civil, which involves more than one defendant presents the opportunity to each defendant to attempt to exculpate himself from liability or guilt by blaming any wrongdoing on the other defendant").

Notwithstanding the general situation, Defendants' counsel seek to avoid the potential conflicts by claiming that their individual "clients" are impliedly "nominal" only. **See Canatella declaration, Exhibit A, Goldman e-mail January 14, 2004 5:54 p.m.** Plaintiff understands the implication to mean that the individual Defendants have no personal exposure in this action. *But that is not the case.* Title 42, sec. 1988 of the United States Code, as amended by the Civil Rights Attorney's Fees Awards Act of 1976, provides that a court, in its discretion, may allow reasonable attorney fees as part of the costs to prevailing parties in actions brought under 42 U.S.C. § 1983. This is a section 1983 action. There may thus be a *possibility* that the individual Defendants would have differing desires with respect to pursuit of the litigation and/or settlement.

Also, if the named "clients" are "nominal" only, counsel's "real" client must be the entity for whom their "nominal" clients are acting as agents, i.e., the State Bar of California. If the agents truly have no personal exposure, it might not be a disqualifying conflict for counsel to represent both the entity and the agents without informed consent

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**      6

of the latter.  Notwithstanding, one would expect that Defendants' counsel, the Office of General Counsel of the State Bar ("OGC"), would at the very least disclose to the "nominal" clients that they are parties to this action and are being represented by OGC and the Remcho firm, and that counsel are representing the entity (i.e., the State Bar) also.  *See Schultz v. State Bar* (1975) 15 Cal.3d 799, 802 - 803, Cal. Bus. & Prof. Code, § 6068(d), and CRPC rules 6103 and 3-310(B).

An *actual* conflict surfaces, moreover, on consideration of the question whether the State Bar of California could properly pay any attorney's fees to Plaintiff.  In 1990, the United States Supreme Court held that the use of State Bar dues to finance political activities violates bar members' first amendment rights of free speech if the expenditures are not reasonably and necessarily incurred in regulating the legal profession or improving legal services.  *Keller v State Bar*, 496 U.S. 1 (1990).  This action involving a first amendment challenge to specific discipline rules does not come within the permissible expenditures of regulation of the legal profession or the improvement of legal services contemplated by *Keller*.

As a result of the State Bar's violation of the Fair Political Practices Act, the Bar cannot now spend dues money over $50,000 (or potentially over $50,000) without approval  and a vote by the majority of the Board of Governors of the State Bar.  It is expected that OGC and Remcho's attorneys fees will exceed $50,000, and there was no suggestion in the meet and confer with Defendants' counsel that the Board of Governors has authorized State Bar dues to be paid to OGC and Remcho for representation of Defendants in this action.  Moreover, since the Bar's purpose is to be

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**      7

an "administrative arm" of the California Supreme Court,[2] disqualification is necessary to prevent the State Bar from undermining public confidence with questionable expenditures, from cooperating in a violation of ethics with conflicted counsel, and from participating in a conflict where the State Bar is charged with the duty of investigating their own lawyers for gross violations. *See Schultz v. State Bar, supra*, Cal. Bus. & Prof. Code, § 6068(d), CRPC rules 6103 and 3-310.

The necessary and appropriate remedy for a Rule 3-310(C) violation is to disqualify offending counsel. *See, e.g., Dept. of Corporations v. SpeeDee Oil Change Syst.,* 20 Cal.4th 1135, 1143, 86 Cal.Rptr.2d 816, 980 P.2d 371 (1999). In the meet and confer process Defendants' counsel did not even suggest that they obtained Defendants' informed written consent to counsel's multiple representation of them. There is thus a *prima facie* violation of Cal. Rule of Prof. Conduct 3-310(C)(1) ("a member shall not, without the informed written consent of each client, (1) accept representation of more than one client in *a matter* in which the interests of the clients potentially conflict." *See Zador Corp., N.V. v. Kwan,* 31 Cal.App.4th 1285, 1294, 37 Cal.Rptr.2d 754 (1995) (stating that 3-310(C)(1) and (2) apply only to joint representations in the same action); *see also Flatt v. Superior Court,* 9 Cal.4th 275, 285, n. 4, 36 Cal.Rptr.2d 537, 885 P.2d 950 (1994) (specifically noting that no written conflict letter was executed); *Mindscape, Inc. v. Media Depot, Inc.,* 973 F.Supp. 1130, 1133 (N.D.Cal.1997) (no waiver letter at issue). In California, violation of CPRC 3-310(C)(1)

---

[2] *See In re Attorney Discipline System*, 19 Cal.4th 582, 599 (1998) (*Attorney Discipline*): " 'We have described the bar as "a public corporation created ... as an *administrative arm* of this court for the purpose of assisting in matters of admission and discipline of attorneys." [Citation.] ..." (*Brotsky v. State Bar* (1962) 57 Cal.2d 287, 300-301 [19 Cal.Rptr. 153, 368 P.2d 697, 94 A.L.R.2d 1310].) (*Attorney Discipline, supra*, at pp. 599-600, outside quotes omitted.)

**MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, etc.**          8

warrants the Court disqualifying counsel. Since the Northern District has adopted the Cal. Rules of Professional Conduct, *see* Civil L.R. 11-4, the same result holds in federal court.

Disqualification would be just under the circumstances of this case. It appears (and Defendants' counsel did not suggest otherwise) that Defendants' counsel did not even advise their multiple clients that a potential conflict between their interests exists, much less explain in detail the nature of that conflict, or why it might be advisable for them to have other counsel. *See Florida Ins. Guar. Ass'n, Inc. v. Carey Canada,* 749 F.Supp. 255 (S.D.Fla.1990), in which that court, in granting a motion to disqualify counsel, found "[m]ost gravely, [the fact that] the ... 'consultation' did not disclose the magnitude of the adverse interests at issue...." *Id.* at 259; *compare Unified Sewerage Agency, etc. v. Jelco, Inc.,* 646 F.2d 1339 (9th Cir.1981)*,* where the court found that counsel had *twice* alerted Jelco's *counsel* to the potential conflict and asked whether Jelco wished to continue counsel's retainer, and on two separate occasions after full disclosure of the conflicts, and discussions with its own attorneys, Jelco consented to the representation.

Under the California Rules of Professional Conduct, OGC and Remcho owe their multiple clients the highest level of undivided loyalty to disclose that the individual Defendants face exposure both in terms of their personal reputations and potential liability for attorney's fees. There is also the possibility (if not the probability) that Defendants will have differing views as to such potential, or the merits of the case, the outcome of trial, and the wisdom of attempting to achieve a settlement with Plaintiff. Counsel's failure to fully disclose these possible differences in their interests falls short of the "undivided loyalty" they owe to their clients. Such disclosure is essential to

informed consent so that the client can weigh and measure the nature of the contrary interests and give informed consent based upon knowledge of material facts.

### III. CONCLUSION.

It appears that at least one of the Defendants (Judge Honn) has not been apprized by defense counsel of the nature of the lawsuit which Plaintiff has brought against him, or the potential liability that he may incur -- much less that defense counsel is jointly representing other defendants whose interests may or do diverge from his. The necessary and appropriate remedy for a Rule 3-310(C) violation is to disqualify offending counsel.   In California, violation of CPRC 3-310(C)(1) warrants the Court disqualifying counsel.  Since the Northern District has adopted the Cal. Rules of Professional Conduct, *see* Civil L.R. 11-4, the same result holds in federal court. Therefore, the proper remedy for this violation is to disqualify Defendants' counsel or order them to show cause why they should not be disqualified from further representation in this case.

Dated: January 16, 2003                COTTER & DEL CARLO

                                            /s/
                                    By: Richard A. Canatella

# PROOF OF SERVICE BY MAIL

I, Michael A. Canatella, declare that I am employed in the City and County of San Francisco, California, and am over the age of eighteen years and am not a party to the within cause; my business address is 4610 Mission Street, #203, San Francisco, California. I am familiar with the business practice for collection and processing of mail. The following documents will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date addressed as follows:

### DOCUMENTS MAILED:

**NOTICE OF MOTION AND MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS' COUNSEL SHOULD NOT BE DISQUALIFIED FOR VIOLATIONS OF CRPC 3-310(C); PROOF OF MAIL SERVICE**

### ADDRESSED TO:

MARIE M. MOFFAT, ESQ.
LAWRENCE C. YEE, ESQ.
JAY M. GOLDMAN, ESQ.
Office of the General Counsel
The State Bar of California
180 Howard Street
San Francisco, CA 94105-1639

MARTIN H. KRESSE
Attorney at Law
887 Island Drive, Suite 220D
Alameda, CA 94502

ROBIN B. JOHANSEN, ESQ
REMCHO, JOHANSEN & PURCELL
201 Delores Avenue
San Leandro, CA 94577

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 16, 2004, at San Francisco, California.

/S/
Michael A. Canatella